**MATHIES COAL COMPANY, Petitioner,**

v.

**Perry SIMONAZZI, Respondent,**

**and**

**Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondent.**

**No. 83–3438.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) April 23, 1984.

Decided May 7, 1984.

As Amended June 4, 1984.

Charlotte R. Lane, Jackson, Kelly, Holt & O'Farrell, Charleston, W.Va., for petitioner.

Joseph T. Bednarik, U.S. Dept. of Labor, Washington, D.C., for respondent, Director, Office of Workers' Compensation Programs, U.S. Dep't of Labor.

Morrison F. Lewis, Jr., Lewis & Quatrini, Greensburg, Pa., for respondent, Perry Simonazzi.

Before ALDISERT, WEIS and ROSENN, Circuit Judges.

## OPINION OF THE COURT

ALDISERT, Circuit Judge.

The question for decision in this petition for review of an order of the Benefits Review Board, United States Department of Labor, is whether there was substantial evidence to support a factual finding that the presumption of total disability in a black lung case had not been rebutted by the employer. We have jurisdiction under the Longshoremen's and Harbor Workers' Compensation Act, as amended, 33 U.S.C. § 921(c), as incorporated in the Black Lung Benefits Act, 30 U.S.C. § 932(a).

Perry Simonazzi filed a claim for benefits under the Black Lung Benefits Act which was controverted by the petitioner Mathies Coal Company and forwarded to an administrative law judge for a hearing. On the basis of pulmonary function studies included in the record, the administrative judge invoked the presumption of disability ("interim presumption") provided in 20 C.F.R. § 727.203 (1983). The judge also found that the employer failed to rebut the presumption under methods provided in 20 C.F.R. § 727.203(b) (1983). A timely appeal was filed to the Benefits Review Board, which affirmed. This appeal followed.

The petitioner admits that the claimant worked in the nation's coal mines for approximately 45 years and last worked for it on May 23, 1977. The petitioner concedes that the ALJ properly found that claimant had an excess of coal mine employment and that the pulmonary function studies were sufficient to invoke the interim presumption.[1]

The interim presumption provides for a presumption of total disability if the claimant has ten years of coal mine employment and any one of the following: positive x-ray or autopsy, qualifying pulmonary function studies, qualifying arterial blood gas studies, or other medical evidence meeting certain requirements. Although the interim presumption aids the claimant, the employer can rebut the presumption if:

(1) The evidence establishes that the individual is, in fact, doing his usual coal mine work or comparable and gainful work...; or

(2) In light of all relevant evidence it is established that the individual is able to do his usual coal mine work or comparable and gainful work ...; or

(3) The evidence establishes that the total disability or death of the miner did not arise in whole or in part out of coal mine employment; or

---

1. The medical evidence consisted of three medical reports, pulmonary function studies, arterial blood gas studies, and x-rays. Two of the medical reports diagnosed pneumoconiosis, one did not. In addition to medical evidence claimant testified at the hearing.

(4) The evidence establishes that the miner does not, or did not, have pneumoconiosis.

20 C.F.R. § 727.203(b) (1983).

Petitioner's sole argument is that substantial evidence in the record supports the finding that the employer met its burden of proof and rebutted the presumption under (3) and (4) above in that respondent's respiratory impairment did not arise out of coal mine employment and he did not have pneumoconiosis.

Distilled to its essence, the petitioner's argument is that the ALJ and the Board were bound to accept the testimony of Dr. Strimlan that the claimant's impairment was due to his chronic obstructive lung disease which resulted from former cigarette smoking. Dr. Kettering attributed the impairment to both cigarette smoking and coal mine employment and made no attempt to distinguish between the factors. A third physician, Dr. William Hughes, the family physician, concluded that based on claimant's history and the pulmonary function studies, he had done, the claimant had moderate combined obstructive and restrictive defects and he suffered from black lung disease of a moderate degree. The ALJ rejected Dr. Strimlan's report because it did "not indicate any basis for his conclusion that Mr. Simonazzi's problems are not significantly related to coal mine employment." ALJ op. at 7, *reprinted in* app. at 135.

On appeal the Board noted that Dr. Strimlan "did not provide a reasoned explanation for his opinion that cigarette smoking alone accounted for claimant's respiratory impairment, especially in view of claimant's 45 year history of occupational dust exposure." Board op. at 3, *reprinted in* app. at 168. The Board concluded that the administrative law judge "rationally discredited the only medical report which might have established rebuttal ...." *Id.* By statute the Board is required to affirm the determinations of the administrative law judge if they are not irrational, made in accordance with the law, and based on findings of fact "supported by substantial evidence in the record considered as a whole." 33 U.S.C. § 921(b)(3), as incorporated in 30 U.S.C. § 932(a). *See O'Keeffe v. Smith, Hinchman and Grylls Associates, Inc.,* 380 U.S. 359, 85 S.Ct. 1012, 13 L.Ed.2d 895 (1965).

Much of petitioner's argument centers on an issue not directly raised in the opinion of the ALJ or the Board. In determining that there was not a "reasoned explanation" for Dr. Strimlan's opinion, the Board made a single "see" reference to *Blevins v. Peabody Coal Co.,* 1 B.L.R. 1–1023 (1978), *rev'd mem. sub nom. Peabody Coal Co. v. Director,* 644 F.2d 886 (6th Cir.1981). Board op. at 3, *reprinted in* app. at 168. We note that this was a reference to a case that required a medical witness to give a "reasoned explanation." From this, the petitioner goes into a discussion of what it calls the *Blevins'* rule and then devotes the bulk of its brief to rebutting the "rule." It argues that the rule requires the Board to give no weight to a medical report, deposition, or expert testimony submitted by the employer to prove that a claimant's disability did not arise primarily out of coal mine dust disease unless:

(a) The conclusions of the physician are phrased in terms of "a reasonable medical certainty;" and,

(b) The employer's attorney laid a proper foundation in his questioning of the physician establishing the medical feasibility of determining the origin of the claimant's disability; and,

(c) The physician's testimony is based upon his examination of the miner rather than statistical probabilities; and,

(d) The physician does not exhibit disagreement with the underlying purposes of the Act.

Petitioner's Brief at 11.

Preliminarily we note that there was no mention of the *Blevins'* rule by the ALJ, and there is no evidence that the Board relied on the specifics of this part of the *Blevins'* decision. Furthermore, because the Board's decision in *Blevins* was reversed by memorandum order by the United States Court of Appeals for the Sixth

Circuit, whatever rule may have been established therein is of no precedential value. Subsequent to the *Blevins'* reversal, however, the Board restated its standard for reviewing medical evidence submitted by the employer to rebut the interim presumption. *See Burns v. Pittsburgh and Midway Coal Co.,* 4 B.L.R. 1–489 (1982). There the Board stated that:

> First it must be ascertained whether it is possible with any degree of medical certainty to distinguish between pulmonary disability caused by smoking and pulmonary disability caused by exposure to coal dust. Second, it must be determined whether there are sufficient facts of record which permit such a distinction to be made in a particular case. Third, the medical expert must state that he has an opinion as to the origin of the pulmonary disability. Fourth, he must give that opinion and explain how the evidence of record supports his conclusion.

4 B.L.R. at 1–494. We have reviewed the Board's decision in the present case under the *Burns'* standard and find it fully consistent therewith. Thus, we reject the petitioner's argument that the Benefits Review Board has promulgated substantive rules of evidence and that this was beyond its authority.

In sum, we conclude that there is substantial evidence to sustain the Board's determination that the employer did not meet its burden of rebutting the interim presumption. Both the ALJ and the Board refused to credit testimony of Dr. Strimlan that, based on his negative x-ray, attributed the claimant's pulmonary impairment to cigarette smoking rather than his 45 years of exposure to coal dust.

The petition for review will be denied.